(No. 2633—)

WILLIAM WHALEN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 30, 1937.*

JAMES M. BARNES AND FRANK H. SULLIVAN, for claimant.

OTTO KERNER, Attorney General, GLENN A. TREVOR, Assistant Attorney General, for respondent.

Mr. Chief Justice Hollerich delivered the opinion of the court:

From June 15th, 1933 to April 19th, 1934 the claimant was in the employ of respondent at the Illinois School for the Deaf at Jacksonville, Illinois, and was assigned to the care and maintenance of the grounds and buildings;—his duties including the making of minor repairs on the exterior of the buildings.

The Illinois School for the Deaf consists of thirty-two buildings, including dormitories, school buildings, dairy buildings, horse barns, boiler house, power plant, bake shop, laundry, paint shop, machine shop, shoe shop, and a shop in which woodwork is done. There are machines in the shoe shop which are operated by the pupils, and saws and various types of machinery for woodwork in the workshop. The administration building is a four-story building about three hundred feet long, and is equipped with fire escapes.

While claimant was in the performance of his duties on April 19th, 1934, and while lifting an iron window grate, such grate slipped and scratched his left leg and dropped on the large toe of his left foot, causing the same to bleed. The injury caused claimant some pain, but he did not quit work. The next day he went to the doctor. On the second day after the injury his left leg and foot were swollen and he was removed to the hospital where he remained under the care of Dr. F. A. Norris until July 8th, 1934. At the time he was removed to the hospital, infection had set in and spread rapidly to the entire leg. Shortly thereafter he became delirious and was in that condition most of the time while he was in the hospital. Multiple incisions were made on the left leg, practically all the way down the leg. He continued under the care of Dr. Norris until December 5th, 1935.

Claimant was sixty-seven years of age at the time of the accident, was married, and had no children under the age of sixteen years.

The medical testimony consisted of the evidence of Dr. F. A. Norris, who treated the claimant from the time he en-

tered the hospital on April 21st, 1934, until December 5th, 1935; and Drs. George L. Drennan and William A. Thomas who examined the claimant on behalf of respondent. There is no dispute as to the nature and extent of the claimant's disability. Dr. Norris stated that claimant's illness was the result of the injuries he received, and all of the doctors agreed that claimant is totally and permanently disabled for occupation as a laborer.

Dr. George L. Drennan and Dr. William A. Thomas, who examined the claimant on October 6th, 1936, at the request of Mr. D. T. Cloud, managing officer of the Illinois School for the Deaf, made an exhaustive report of their findings, and in conclusion say: "After reviewing the history and physical findings we would consider Mr. William Whalen totally and permanently disabled from any gainful occupation."

Upon consideration of the record, the court finds:

1. That on April 19th, 1934, claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this State.

2. That on said date claimant sustained accidental injuries which arose out of and in the course of his employment.

3. That notice of the accident was given to said respondent and claim for compensation was made within the time required by the provisions of such Act.

4. That claimant was in the employ of the respondent for less than one year prior to the date of the accident; that the annual earnings of persons of the same class in the same employment and same location during the year preceding the injury were $828.00, and the average weekly wage was $15.92.

5. That claimant at the time of the injury was sixty-seven years of age, was married, and had no children under the age of sixteen years.

6. That no medical, surgical or hospital services were provided by respondent, but all necessary first aid, medical, surgical and hospital services were procured by the claimant at his own expense, and that the amount due therefor is as follows:

Our Saviour's Hospital, Jacksonville, Illinois, hospital services ............................................................... $397.40

Mrs. Mary Magner, nursing services........................ 295.00

Dr. Frank A. Norris and Dr. Reginald M. Norris, medical and surgical services................................... 127.50

7. That as the result of such accident claimant has sustained a complete disability which renders him wholly and permanently incapable of work; that under the provisions of Section 8a of the Workmen's Compensation Act, the claimant is entitled to the sum of $819.90 for first aid, medical and surgical, hospital and nursing services as aforesaid; that under the provisions of Section 8f of such Act, the claimant is entitled to the further sum of $3,312.00 for complete and permanent disability, payable in weekly installments for the period of 416 weeks commencing on April 20th, 1934; and thereafter a pension during life annually in the amount of $264.96, payable monthly.

8. That the sum of $45.00 has been paid to apply on such award.

9. That 166 weeks compensation has accrued to June 25th, 1937, which amounts, to wit, $1,321.36, less the sum of $45.00 heretofore paid to claimant as aforesaid, is payable at this time, and the balance of said compensation, to wit, $1,990.64, is payable in 249 weekly installments of $7.96 per week commencing July 2d, 1937, and one final installment of $8.60. After such final installment is paid, claimant is entitled to an anual pension of $264.96 payable in monthly installments of $22.08 during the term of his natural life.

Award is therefore entered in favor of the claimant for the sum of Four Thousand Eighty-six Dollars and Ninety Cents ($4,086.90), and a pension for life, all payable as follows:

1. To the claimant William Whalen, forthwith, for the compensation which has accrued from April 20th, 1934 to June 25th, 1937, less the sum of $45.00 heretofore paid to him as aforesaid, the sum of..........................$1,276.36

2. To the claimant William Whalen, forthwith, for the use of Our Saviour's Hospital, Jacksonville, Illinois, for hospital services, the sum of. 397.40

3. To the claimant William Whalen, forthwith, for the use of Mrs. Mary Magner, for nursing services, the sum of............................ 295.00

4. To the claimant William Whalen, forthwith, for the use of Dr. F. A. Norris and Dr. Reginald M. Norris, for medical and surgical services, the sum of ................................... 127.50

5. To the claimant, William Whalen, the sum of.. 1,990.64
 payable in 249 weekly installments of $7.96 per
 week, commencing on July 2d, 1937, and one
 final installment of $8.60.

After the last installment of such compensation has been paid as aforesaid, the claimant William Whalen, shall be paid an annual pension for and during his natural life in the sum of $264.96, payable in monthly installments of $22.08, commencing one week after the payment of the aforementioned final installment of $8.60.

This award being for personal injuries of a State employee is subject to the provisions of an Act entitled, "An Act making an appropriation to pay compensation claims of State employees and providing for the method of payment thereof," approved July 2, 1935 (Session Laws of 1935, p. 49).

In accordance with the provisions of such Act, this award is subject to the approval of the Governor and upon such approval, is payable from the appropriation from the general fund in the manner provided by such Act.

Jurisdiction of this cause is retained for the purpose of making such other or further order or orders herein as may be in accordance with the terms and provisions of the Workmen's Compensation Act of this State.